IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Schilli Distribution Services, Inc., and Thomas R. Schilli, | Civil Action No. 8:16-cv-01851-DCC |
| Plaintiff, | |
| vs. | |
| Steve Gilliam, George W. Benda, B.W.G., Inc., KCB Group, Inc. and Arete Logistics, Inc., | ORDER ON MOTION OF PLAINTIFFS TO VACATE ORDER OF DISMISSAL AND ENFORCE SETTLEMENT OR REOPEN CASE AS TO BENDA DEFENDANTS |
| Defendants. | |

Before the Court is the motion of the Plaintiffs to vacate the order dismissing this case without prejudice and enforce the settlement between Plaintiffs and Defendants, George W. Benda, B.W.G., Inc., and Arete Logistics, Inc. (collectively, "the Benda Defendants") or, alternatively, reopen the case as to the Benda Defendants. ECF No. 225. For the reasons stated below, the Motion is HELD IN ABEYANCE.

This case was set for a jury trial to begin April 15, 2019. Prior to trial, counsel for the parties remaining in the case, Plaintiffs and Benda Defendants,[1] announced they had settled all claims of the parties, and the Court entered an order dismissing the case without prejudice to the right any party, for good cause shown, to move to reopen the case within sixty (60) days if the settlement was not consummated. ECF No. 224.

On June 11, 2019, Plaintiffs filed the instant motion asserting the Benda Defendants had violated the settlement agreement because the Benda Defendants had failed (1) to deliver a mortgage on property in Indiana to secure, in part, the settlement amount to be paid to Plaintiffs,

---

[1] Defendant, Steve Gilliam and Schilli settled their portion of the case at an earlier date. *See* ECF No. 172.

1

(2) to sign and deliver a security agreement or assignment regarding Defendant George W. Benda's 401(k) account, and (3) to make a required monthly payment under the settlement amount.

The Benda Defendants filed a response to Plaintiffs' Motion, ECF No. 227, and the Court conducted two telephone conferences with counsel. ECF Nos. 229, 237. The Court further directed Plaintiffs and the Benda Defendants to file two status reports regarding the Motion. ECF Nos. 235, 238. Thereafter, the Court held a hearing on the Motion. ECF No. 243.

The settlement agreement provides generally that the Benda Defendants pay a sum certain in installments, and their obligation to pay the settlement was to be secured by (1) a confession of judgment, (2) an assignment or security agreement regarding Defendant George W. Benda's 401(k) account, and (3) a mortgage on the Indiana property. The Indiana property is not owned by Defendant George W. Benda, but is owned by his former girlfriend. During the negotiations leading to the settlement agreement, the Benda Defendants represented Defendant George W. Benda could obtain his former girlfriend's signature on the mortgage; however, he has been unable to do so.

During the settlement negotiations, the parties did not determine the value the mortgage would have as security for payment of the settlement amount. Following the filing of Plaintiffs' Motion, the Benda Defendants' counsel retrieved publicly available documents regarding the Indiana property and determined the value of the mortgage required by the settlement agreement is between approximately $85,000.00 and $106,000.00.

The Benda Defendants have complied with all provisions of the settlement agreement, most importantly the required payments, through the date of this Order, except for providing the required mortgage. Defendant George W. Benda has indicated, through counsel, he cannot obtain his ex-girlfriend's signature on the sought-after mortgage. The Benda Defendants have offered,

as substitute security; (1) a continuing security agreement or assignment on Defendant George W. Benda's 401(k) account, (2) a security interest in Defendant George W. Benda's 2013 Ford F350 truck, and (3) a stock pledge of shares in an Indiana corporation, Sea Green Argo, Inc., in which Defendant George W. Benda is the sole shareholder.

The Court has the inherent power to enforce agreements entered into in settlement of pending litigation. However, under the unique circumstances of this case, the Court finds it prudent to hold in abeyance any ruling on the Motion.[2]

The owner of the Indiana property is not a party to this action. The Court has no power to order her to sign the sought-after mortgage. The Benda Defendants have indicated it is impossible to obtain the mortgage and, therefore, the Court ordering them to do so would be futile. However, the Benda Defendants have offered to provide alternative security which appears to approximate the value of the security the mortgage would have provided. The Court agrees with the parties that this substitute security, which approximates the value of the mortgage, as security would fulfill the intent of the security portion of the settlement agreement.

Accordingly, Plaintiffs' Motion is HELD IN ABEYANCE, and the Benda Defendants are directed to provide the following substitute security within thirty days of the date of this Order:

1. A security agreement or assignment of Defendant George W. Benda's 401(k) account to secure all payments remaining due under the settlement agreement;

2. A security interest in Defendant George W. Benda's truck to secure all payments remaining due under the settlement agreement; and

3. A stock pledge of all shares of Sea Green Argo, Inc., to secure all payments remaining due under the settlement agreement.

---

[2] At the hearing on Plaintiffs' Motion, Plaintiffs' counsel informed the Court that Plaintiffs do not wish to pursue the alternative remedy of reopening the case and setting it again for trial.

Counsel will report to the Court within 35 days of the date of this Order whether the ordered substitute security has been provided. In the event substitute security is not provided in accordance with the parties' agreement, which forms the basis of the Court's directive, the Court will address the Motion on the merits.

    IT IS SO ORDERED.

                                                s/Donald C. Coggins, Jr.
                                                United States District Judge

October 31, 2019
Spartanburg, South Carolina